## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD W. WINSLOW, | Case No.: 2:11-cv-00488-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| INTERNAL REVENUE SERVICE, ERIC FEINMAN, ROBERT BAXTER and UNITED STATES OF AMERICA, | |
| Defendants. | |

## **INTRODUCTION**

Before the Court is Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction, for Insufficient Service of Process and for Failure to State a Claim (ECF No. 5). Plaintiff filed a Response on June 14, 2011 (ECF No. 7), and the United States filed a Reply (ECF No. 8).

## **FACTS AND BACKGROUND**

Plaintiff Ronald W. Winslow filed the instant suit alleging violations of federal law, abuse of lawful authority and violations of constitutional due process rights arising out of Defendant's refusal to provide Plaintiff with a "Collection Due Process Hearing." The Complaint names the IRS and two IRS employees as defendants and requests relief in the nature of mandamus, seeking that (1) the Court order the IRS to afford the Plaintiff his Collection Due Process hearing opportunity, (2) the Court "order the defendants to refrain from any activity against the Plaintiff that is not in strict accordance with the Internal Revenue Code" and related procedures, and (3) the Court order the IRS to follow the Internal Revenue laws and related procedures. (Compl. pg.3, ECF No. 1.)

The United States filed the instant motion to dismiss arguing that it is the only proper defendant in this suit and that this action should be dismissed for lack of subject matter jurisdiction, for insufficient service of process, and for failure to state a claim.

## DISCUSSION

**A.     Legal Standard**

In order to establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction"; and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007); *accord Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087 n.2 (9th Cir. 2007) ("Sovereign immunity and subject matter jurisdiction are distinct doctrines."). Where statutory authority vests the district courts with subject matter jurisdiction, the United States cannot be sued unless it has expressly consented to be sued. *Dunn & Black P.S.*, 492 F.3d at 1087–88.  Waivers of sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly construed in favor of the sovereign. *Id.* at 1088.  The burden is on the party bringing the action against the United States to establish subject matter jurisdiction; where it has failed to do so, "dismissal of the action is required." *Id.*

**B.     United States is the Only Proper Party**

A civil action may be brought against federal employees in their individual capacities under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), however, *Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes. *Adams v. Johnson*, 355 F.3d 1179, 1184-85 (9th Cir.2004).

A suit against IRS employees in their official capacity is essentially a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  As the actions for the IRS employees named in the Complaint were performed as part of their official duties, the United

States should be substituted as the proper Defendant.

Additionally, the IRS is not a proper party Defendant, because Congress has not authorized suit against the IRS.  *See, e.g. Oliva v. United States of America*, 221 F.R.D. 540, 543-44, (D. Haw. 2003); *Castleberry v. Alcohol, Tobacco and Firearms Division*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976) (stating that Congress has not authorized suits against the Department of the Treasury or any of its divisions or branches).  Accordingly, the IRS, Eric Feinman, and Robert Baxter are dismissed as defendants to this suit and the United States is substituted as a proper party defendant.

**C.    Improper Service**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *United Food & Comm'l Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986). If proper service under Rule 4(d)(4) is not accomplished within 120 days after the complaint is filed and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. *See* Fed. R. Civ. P. 4(m); *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987).

Federal Rules of Civil Procedure requires that in order to properly effectuate service upon the United States, a party must do the following:

(A)  (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

In the instant case, the Complaint was incorrectly served on the Assistant Attorney General, Department of Justice, Tax Division, the Solicitor General, and the IRS office in Fresno, CA. (*See* ECF Nos. 4, 4–1, 4–2 & 4–3.)  Therefore, service has not been properly effectuated and this Court lacks jurisdiction over this case.

**D.      Plaintiff's Claims are Barred by the Doctrine of Sovereign Immunity**

Even assuming service had been properly effectuated, this case would still be dismissed because the United States has not waived its sovereign immunity.  The Complaint states that jurisdiction exists pursuant to 28 U.S.C. § 1361. (Comp. at pg. 2.)  While 28 U.S.C. § 1361 grants the district court jurisdiction of petitions for mandamus, it does not waive the United States of America's sovereign immunity. *Hill v. United States*, 571 F.2d 1098, 111 n.5 (9th Cir. 1978).  Where, as here, the United States has not consented to suit, dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is proper.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss (ECF No. 5) is **GRANTED, in part.**

Plaintiff's Complaint is **DISMISSED** for insufficient service of process and for lack of subject matter jurisdiction.

DATED this 4th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge